# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIGUEL ANGEL PANIAGUA MUNOZ, | Civil Action No. 3: 17-cv-0132 |
| Petitioner, | United States Magistrate Judge |
| v. | Cynthia Reed Eddy |
| S. M. KUTA (Warden), | |
| Respondent. | |

## MEMORANDUM OPINION[1]

Petitioner, Miguel Angel Paniagua Munoz, ("Petitioner" or "Paniagua Munoz"), a federal prisoner presently confined at Moshannon Valley Correctional Center ("MVCC")[2], Philipsberg, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as the Respondent is MVCC's Warden, S. M. Kuta.

Paniagua Munoz is currently serving a 140-month sentence imposed by the United States District Court for the Southern District of Florida on July 15, 2016, for a drug related offense.[3] He has a projected release date of December 11, 2019, via good time release. On December 13, 2010 (and again on April 12, 2013 and July 21, 2016), an immigration detainer was placed on him concerning a deportation investigation.

Petitioner's habeas petition does not challenge the legality or execution of his federal

---

[1.] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. jurisdiction by a United States Magistrate Judge. *See* ECF Nos. 7 and 8.

[2] Moshannon Valley Correctional Center is a private facility owned by Geo Group and operated pursuant to a contract with the Bureau of Prisons.

[3] Petitioner was originally sentenced on November 1, 2014, to a term of 150 months imprisonment, but the sentence was later reduced to 140 months imprisonment.

conviction or sentence. Rather, he claims entitlement to federal habeas corpus relief on the grounds that he should be granted early compassionate release. In December 2016, the MVCC's Warden denied Petitioner's request for compassionate release. Petitioner contends that his chronic medical condition requires compassionate release and that the denial was improper because the decision was based on the fact that an immigration detainer has been placed on him.

Respondent filed a response arguing, *inter alia,* that compassionate release arguments are not properly raised in a habeas proceeding. Petitioner has filed a reply. After careful consideration of the filings of both parties, the Court finds that it lacks subject matter jurisdiction to consider Paniagua Munoz's request for compassionate release.

**II.     Discussion**

In November 2016, Paniagua Munoz requested consideration for Compassionate Release/ Reduction in Sentence under 18 U.S.C. § 3582(c)(1)(A) based on his age, medical condition, and family circumstances. Specifically, Paniagua Munoz claims he is eligible for Compassionate Release/ Reduction in Sentence because he is:

> an inmate with proved chronical medical conditions. He has served more than 70% of the sentence imposed upon him. He is 68 years old, toothless inmate, a medical (dental) problem to which the BOP (MVCC for this instant matter) has not been able to provide a remedy (a denture) to alivate petitioner's medical needs.

Petitioner at 4 (quoted verbatim) (ECF No. 1). On December 5, 2016, the MVCC Warden denied Petitioner's request for Compassionate Release / Reduction in Sentence explaining as follows:

> This is in response to your request received on November 30, 2016, in which you have requested consideration for Compassionate Release/Reduction in Sentence under of 18 U.S.C. § 3582(c)(1)(A). You have requested consideration based on your age, medical condition, and family circumstances.

2

> The MVCC Medical Department has confirmed that you have a long standing diagnosis of Hyperlipidemia, Benign Prostate Hypertrophy, Coronary Artery Disease, and Peptic Ulcer Disease. These are serious illnesses, but when treated appropriately with medication and treatment compliance, the prognosis is good. According to medical records, you are following the prescribing physician's treatment plan and are managing your conditions well. There are no concerns for any deteriorating mental or physical health that would substantially diminish your ability to function in a correctional facility. Conventional Treatment needs to be maintained, as prescribed, in order to maintain your current level of health.
>
> Although it is understood at times families experience a financial hardship during the incarceration of loved ones, you do not meet any of the extraordinary or compelling circumstances outlined in BOP PS 5050.49, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g).[4]
>
> Additionally, at present, you have a detainer lodged from Immigration and Customs Enforcement. According to the above program statement, all detainer and holds should be resolved.
>
> Due to this information, you are not appropriate for a Compassionate Release / Reduction in Sentence at this time.
>
> I trust this addresses your concerns.

Memorandum from S. M. Kuta, Warden, 12/5/2016 (ECF No. 4-6). Petitioner appealed this denial to all appropriate levels of review. Both the Privatization Management Branch and the BOP Central Office denied Petitioner's appeal finding that MVCC's Warden appropriately denied the request for Compassionate Release because Petitioner did not meet the criteria for an elderly inmate with medical conditions.

A prisoner may obtain release from incarceration prior to the end of a validly-imposed sentence on compassionate grounds set forth in 18 U.S.C. § 3582(c)(1)(A)(i). The BOP may file a motion for compassionate release with the sentencing court "only after review of the request by

---

[4] "18 U.S.C. § 4205(g) was repealed effective November 1, 1987, but remains the controlling law for inmates whose offenses occurred prior to that date. For inmates whose offenses occurred on or after November 1, 1987, the applicable statute is 18 U.S.C. 3582(c)(1)(A)." BOP Program Statement 5050.49, § 572.40 (ECF No. 4-7).

the Warden, the General Counsel, and either the Medical Director for medical referrals or the Assistant Director, Correctional Programs Division for non-medical services, and with the approval of the Director, Bureau of Prisons." BOP Program Statement 5050.49, § 571.62 (a), Aug. 12, 2013 (ECF No. 4-7). It is well settled that a court may not award compassionate relief unless the Director of the BOP moves for a reduction in the prisoner's sentence. *See Fields v. Zickefoose*, No. 3:CV-15-516, 2016 WL 7197403 at *2 (Dec. 9, 2016) (citing *United States v. Lagonia*, 2012 WL 574500 *1 (D.N.J. Feb. 21, 2012), *aff'd sum nom Fields v. Warden Allenwood USP*, 684 F. App'x 121 (3d Cir. Apr. 4, 2017) (unpublished opinion). Further, "courts have generally held that the BOP's decision to file a motion under § 3582(c)(1)(A)(i) or its predecessor is not judicially reviewable." *Fields*, 684 F. App'x at 123 (citing *Fernandez v. United States*, 941 F.2d 1488, 1493 (11th Cir. 1991)). "The statute plainly vests the decision to pursue relief solely with the BOP." *Id.*

Thus, there is no authority for this Court to review or countermand the BOP Director's decision not to seek compassionate release under 18 U.S.C. 3582(c). *See Fields*, 684 F. App'x at 121; *Share v. Kruegger*, 553 F. App'x 207 (3d Cir. 2014) (finding that the "BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable"); *Crowe v. United States*, 430 F. App'x 484, 485 (6th Cir. 2011)("the BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable") (collecting cases).

As a result, Petitioner's petition will be denied for lack of subject matter jurisdiction.[5]

An appropriate Order follows.

DATED: January 4, 2018                    s/Cynthia Reed Eddy
                                          Cynthia Reed Eddy
                                          United States Magistrate Judge


cc:     Miguel Angel Paniagua Munoz
        42413-004
        Moshannon Valley Correctional Center
        555 Geo Drive
        Philipsburg, PA 16866
        (via U.S. First Class Mail)

        Michael A. Comber
        Assistant U.S. Attorney
        (via ECF electronic notification)

---

[5] Because the Court finds that it lacks subject matter jurisdiction, it will not address the merits of Petitioner's arguments. However, the Court notes that Program Statement 5050.49, § 571.62(a)(1)(c) (entitled Approval of request) specifically states that "[a]ll detainers and holds should be resolved prior to the Warden's submission of a case under 18 U.S.C. 3582(c)(1)(A) or 4205(g). If a pending charge or detainer cannot be resolved, an explanation of the charge or conviction status is needed." (emphasis added). In this case, the Warden correctly noted as required by P.S. 5050.49, that Petitioner had an immigration detainer; however, the record appears to reflect that Petitioner's request was denied at all levels of review not because of the unresolved detainer but because Petitioner did not meet the eligibility criteria for elderly inmates with medical conditions as set forth in P.S. 5050.49, § 571.61(4)(b).